
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10429 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00499-DGC |
| v. | |
| JOSE CARLOS VAZQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
J. Frederick Motz, District Judge, Presiding[**]

Submitted July 22, 2014[***]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Jose Carlos Vazquez appeals from the district court's judgment and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable J. Frederick Motz, Senior United States District Judge for the District of Maryland, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

challenges the 63-month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vazquez contends that the district court procedurally erred by failing (1) to announce the Sentencing Guidelines range, (2) to explain adequately its reasons for imposing the sentence, and (3) to indicate that it was not basing the sentence on Vazquez's rejection of a fast-track plea offer. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Vazquez's sentencing arguments, did not rely on improper sentencing factors, and imposed a sentence at the bottom of the undisputed Guidelines range. Vazquez has not shown a reasonable probability that, absent the alleged errors, he would have received a different sentence. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Vazquez also contends that the magistrate judge improperly participated in plea negotiations. The record does not support this contention. Vazquez's remaining contentions are unpersuasive.

**AFFIRMED.**